437 A.2d 41

COMMONWEALTH of Pennsylvania,

v.

**Hazel W. BURGWIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 1980.

Filed Nov. 13, 1981.

Petition for Allowance of Appeal Denied March 1, 1982.

274

John H. Corbett, Jr., Pittsburgh, for appellant.

Kathryn L. Simpson, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

Appellant appeals from a conviction of violation of the Uniform Firearms Act, 18 Pa. C.S.A. § 6106. Appellant contends that the trial court erred in its denial of his pretrial motion to suppress evidence obtained by an allegedly illegal search and seizure. Appellant was sentenced to not less than eleven and one-half months incarceration and not more than twenty-three months. We agree with the judgment of the trial court and affirm the conviction.

At approximately 8:00 a. m. on the morning of February 13, 1979, a confidential informant walked into the No. 2 Police Station of the City of Pittsburgh and gave certain information to two policemen on duty at the time. The informant stated that a black male, driving a black 1975 Oldsmobile Ninety-Eight with a white roof bearing a certain Pennsylvania license number, was carrying a gun on his person. The policemen were also told by the informant that the car was being driven around the Hill District section of Pittsburgh.

Pursuant to this information, at approximately 10:30 a. m., the two policemen left No. 2 Station to go to No. 1 Station to attempt to secure a search warrant. While enroute, the officers observed a car fitting the informant's description. They stopped the car, extracted the four male occupants from it, and searched them. A revolver was found in a coat pocket of the driver. Appellant was arrested and later convicted of a violation of Uniform Firearms Act.

Appellant's contention is that because the search was conducted without a warrant, the evidence obtained from the search is inadmissible.

It is axiomatic that a search of an automobile may be conducted without a warrant when there exists probable

cause to search and exigent circumstances necessitating a search. *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), *Commonwealth v. Smith,* 452 Pa. 1, 304 A.2d 456 (1973). Appellant, however, argues that the circumstances in this case were not sufficiently exigent to justify a warrantless search. He contends that, first, there can be no exigent circumstances where the police voluntarily delayed for two and one-half hours before attempting to secure a warrant, and, second, none existed because appellant was not alerted to any steps taken against him by the police.

As to appellant's first contention, we adopt the holding and rationale of the four justice plurality in *Cardwell v. Lewis,* 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974). In *Cardwell,* as in this case, probable cause for seizure existed for some time prior to the search. The court upheld the warrantless search and seizure, the plurality stating:

> [W]e know of no case or principle that suggests that the right to search on probable cause and reasonableness of seizing a car under exigent circumstances are foreclosed if a warrant was not obtained at the first practicable moment ... The exigency may arise at any time, and the fact that the police might have obtained a warrant earlier does not negate the possibility of a current situation necessitating prompt police action.

In light of prompt police action, we hold that the police's voluntary delay in attempting to secure a search warrant was of no effect. The exigent situation arose when the police inadvertently came upon the car containing the appellant.

■ As to appellant's second contention, there is no requirement that exigent circumstances can only be found when the defendant has been alerted to police actions taken against him. Rather, exigent circumstances can exist for a number of reasons. We hold, as explained above, that exigent circumstances existed in this case. The police by chance came upon the car in which they had probable cause to believe the driver was presently committing a crime.

Thus, an exigent circumstance existed. Surely, the logic of such a circumstance demands as much. It seems reasonable that the police should not be faulted for their failure to have a warrant in hand at the time they found themselves in the immediate proximity of the vehicle for which they presently possess probable cause to search. See W. LaFave, *Search and Seizure*, § 7.2(c) (1st ed. 1978). This is akin to the situation in *Carroll* where the police "were not looking for defendants at the particular time they appeared," but rather accidently came upon them. The court in *Carroll*, in upholding the warrantless search there, held that such a situation was one in which it is not practicable to secure a search warrant.

A collateral issue that needs to be addressed is that of the warrantless search of the appellant's person. Up to this point, we have held that a warrantless search of an automobile may be justified under certain circumstances. The situation in the instant case, however, is a warrantless search of not only an automobile, but also of the appellant's person. In such a case, we must determine if a warrantless search of the person is also justified.

The rationale behind the warrantless search of an automobile is the same as the rationale behind the warrantless search of the person. In either case, exigent circumstances justify an exception to the requirement of securing a search warrant prior to the search. As there is nothing of relevance to distinguish between the two situations, they should be treated the same. As LaFave has stated in his treatise on search and seizure: "If such exigent circumstances plus probable cause to justify search of a movable vehicle or containers in transit, then it should likewise permit search of a person." W. LaFave, *Search and Seizure*, § 5.4(a) at 341 (1st ed. 1978). See, e. g. *Cupp v. Murphy*, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973). As we find no difference in the two situations, we hold that exigent circumstances may justify a warrantless search of the person.

Appellant additionally argues that probable cause did not exist to conduct a search of the vehicle or of his

person. The standard for testing the sufficiency of probable cause for a search when an informant's tip has been relied on by the police has been enunciated in the cases of *Aguilar* and *Spinelli*. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). What is required is that the police know the underlying circumstances from which the informant concluded that the suspect was guilty of a crime, and the police must have some reason to believe that the informant is telling the truth. These tests have been met in this case. First, the informant told the police that he observed appellant carrying a gun on his person, and the informant gave the police a detailed description of the car that appellant was driving. Second, the informant's credibility was established by the fact that information had been provided by him in the past by the informant which had led to other arrests and convictions. We have held that past accurate information is a valid method of establishing credibility. *Commonwealth v. Lucchese*, 233 Pa.Super. 273, 335 A.2d 508 (1975). Accordingly, we hold that there was sufficient probable cause to conduct the search.

As there was sufficient probable cause to search, and exigent circumstances justified a warrantless search, we affirm the judgment of sentence of the trial court.

Affirmed.