500 A.2d 483

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**John Robert BAKER.**

Superior Court of Pennsylvania.

Argued March 18, 1985.

Filed Nov. 15, 1985.

214

Phyllis R. Streitel, Assistant District Attorney, West Chester, for Com., appellant.

JoAnn Selleck, Assistant Public Defender, West Chester, for appellee.

Before WIEAND, WATKINS and GEISZ *, JJ.

WATKINS, Judge:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Chester County suppressing a revolver seized from under the driver's seat of the defendant's automobile pursuant to a warrantless search.

The question raised on appeal is that the court below erred in suppressing the revolver seized from under the seat of defendant's vehicle pursuant to a warrantless search of the vehicle based on probable cause and exigent circumstances.

The facts are as follows: On August 16, 1983, at 2:00 P.M. the police received the following information from a reliable informer, who on several prior occasions had given the police reliable information concerning illegal activities, that he had witnessed the defendant waving a gun at a

---

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania is sitting by designation.

Puerto Rican. The informant called it a cannon with a six-inch barrel. He said the defendant was driving an old beat-up red convertible Plymouth and that he was wearing a camouflage hat. The informer identified the defendant by his first and last names.

Thirty minutes after receiving this information, the following events took place: Police testified that they were notified that the defendant was parked in the Yearsley Parking Lot. When the police arrived, the defendant was sitting by himself in a red convertible. The police maintained surveillance while other officers were summoned.

As they observed the car a female, Beverly Root, got into the car and the car was driven east on Market Street and the police lost it. However, they were advised by police radio that the car was now parked by the Salvation Army. As he was backing out of the parking space when the officers approached it, the defendant jumped out of the car noisily abusing the police. He was informed that they had information that he had a weapon in the car.

The defendant was wearing a T-shirt and cut-off blue jeans so that they could easily ascertain that he was not armed. The defendant had turned off the ignition when he exited his vehicle. He was highly irate, yelling at the police to leave him alone and leave. The defendant had prior police contacts and a history of violent reactions.

The defendant was with the police about twenty feet from the car. His girlfriend was about five feet from the car. Defendant was not handcuffed, but the police then searched the vehicle and found a six-inch revolver under the driver's seat. The defendant was then placed under arrest. Ms. Root retrieved a Machete from the passenger side of the car. The car was impounded.

The Commonwealth contends that the warrantless search fell under "automobile" exception based on probable cause and exigent circumstances.

The court below found that the exception did not apply in this case because exigent circumstances did not exist. He

also held that the fact that the defendant was twenty feet from the vehicle with the police negated the automobile exception.

The court below based its finding that the car was "immobile" and exigent circumstances did not justify the warrantless search under the "automobile exception". We disagree. The focus on immobility of the car after the stop misses the point. It is the general mobility of vehicles before and after a stop that resulted in the creation of the "automobile exception". Police control during intervention does not affect the inherent mobility of the vehicle. Once police officers have probable cause to believe there is contraband or evidence of crime in the car stopped on the road, they may "conduct a warrantless search of the vehicle, even after it has been impounded and is in police custody ... it is this clear that the justification to conduct a warrantless search does not vanish once the car has been immobilized." *Michigan v. Thomas*, 458 U.S. 259, 102 S.Ct. 3079, 73 L.Ed.2d 750 (1982).

So the fact that after the police stopped the defendant's car it was unlikely to go anywhere did not negate the validity of the search. The item sought was dangerous and of evidentiary value and *Michigan v. Thomas*, supra, recognized that a search at roadside establishes exigent circumstances. See *Commonwealth v. Burgwin*, 292 Pa.Superior 273, 437 A.2d 41 (1982).

In *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983) the Supreme Court recognized that a brief intrusion upon personal security was reasonable when weighed against the legitimate interest in crime preservation and deletion. The Supreme Court concluded:

The search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, if taken together with the rational inferences from those facts reasonably warrant' the officers in

believing that the suspect is dangerous and the suspect may gain immediate control of weapons.

The two cases relied on by the court below are *Commonwealth v. Stagliano*, 273 Pa.Superior Ct. 237, 417 A.2d 627 (1979) and *Commonwealth v. Timko*, 491 Pa. 32, 417 A.2d 620 (1980).

*Stagliano*, supra, is distinguishable. In that case the court found that the seizure from the defendant's "passenger's purse" was not justified as a search incident to the lawful arrest of the operator, who was outside the vehicle and in police control at the time. The court carefully noted that the Commonwealth's failure to raise the two precise arguments as decided in *Carroll v. United States* and *Terry v. Ohio* so that the issues raised in this appeal were not addressed in *Stagliano*, supra.

*Commonwealth v. Timko*, supra, is of questionable continuing authority. In that case the court concluded that the zippered valise could not be searched without a warrant simply because it was seized in an automobile. In the instant case, the weapon was not packed.

Since *Timko*, supra, *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) which held that a lawful custodial arrest justified the contemporaneous search of an automobile and any containers or compartments found therein.

In *Commonwealth v. Stein*, 303 Pa.Superior Ct. 336, 339, 449 A.2d 716 (1982), this Court held that a warrantless search of automobile and suitcase found therein was proper both under the automobile exception and exception pertaining to searches incident to arrest. See Note 4, *Stein*, 303 Pa.Superior Ct. page 344, 449 A.2d page 720:

In the instant case, the search of the suitcase was not so remote as to time and place of the arrest that it could be said not to be contemporaneous with the arrest. The search occurred within moments of the arrest and in the immediate area. It should also be noted that it does not matter that the chance that the evidence in the automo-

biles may be destroyed or seized by the arrestees is remote, as long as it is possible.

We find that the warrantless search was legal under the "automobile exception".

The suppression order is reversed; and the case remanded for trial. Jurisdiction is relinquished.