# Commonwealth v. Urrutia

C.P. of Dauphin County, no. 2109 C.D. 1995.

*Joseph M. Sembrot,* for the Commonwealth.
*Robert H. Bascom Jr.,* for defendant.

KLEINFELTER, *J.,* April 11, 1996—We have been asked to reconsider our January 3, 1996 order denying a motion to suppress evidence seized in this case. Defendant argues that the Pennsylvania Supreme Court's recent decision in *Commonwealth v. White,* 543 Pa. 45, 669 A.2d 896 (1995) is controlling and compels an opposite result to that reached in our holding. While the *White* decision raises some doubts about the existing body of search and seizure law in this Commonwealth, we do not believe it requires us to reverse our prior order.

The facts developed at the suppression hearing may be summarized as follows. On May 2, 1995, Harrisburg Patrol Officer Jenkins observed the defendant operating a Pontiac automobile with an expired inspection sticker. During the traffic stop which followed, Jenkins learned that operator did not have an operator's license and that there was an outstanding warrant for his arrest. The operator (now defendant) was removed from the car and placed under arrest. A search of his person incident to arrest yielded a .38 caliber bullet, $226 in cash, and a Metrocall pager. The defendant explained that the car did not belong to him and requested that the officer secure it. The defendant was then placed in a police van. The officer next returned to the car, noticed the keys on the dash and currency lying scattered on the floor. A search of the vehicle yielded, from the center console, two one ounce ziplock and nine smaller baggies containing a suspected controlled substance.

In *White,* our Supreme Court reviewed three areas relating to automobile searches in Pennsylvania: (1) warrantless searches where the automobile presents an exigent circumstance; (2) the scope and range of a search incident to arrest; and (3) inventory searches.

Ever since *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), our courts have permitted the warrantless search of a car on a highway "where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." *Id.,* 267 U.S. at 153, 45 S.Ct. at 285. This exception to the warrant requirement has long been recognized in Pennsylvania. See *e.g., Commonwealth v. Smith,* 452 Pa. 1, 304 A.2d 456 (1973).

Nevertheless, "[t]he word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." *Coolidge v. New Hampshire,* 403 U.S. 443, 461, 91 S.Ct. 2022, 2035, 29 L.Ed.2d 564 (1971). Where there is no exigency,—"no alerted criminal bent on flight, no fleeting opportunity on an open highway after a hazardous chase, no contraband or stolen goods or weapons, no confederates waiting to move the evidence, not even the inconvenience of a special police detail to guard the immobilized automobile"—a warrant is still a necessary predicate to a search. *Id.,* 403 U.S. at 462, 91 S.Ct. at 2036.

In *Coolidge,* the automobile which was searched was parked in the driveway of defendant's home. Moreover, the police had known for some time of the probable cause which would have involved the car in the crime. Finally, Coolidge was arrested inside his home and in no way could have gained access to his car. Under these circumstances the "automobile exception" to the warrant requirement would not apply. For the purpose of our discussion in the case at bar and in our analysis of *White,* we will refer to *Coolidge* as a "pre-existing probable cause" case.

*Commonwealth v. White* is also a pre-existing probable cause case. Key to our Supreme Court's decision

in *White* is the fact that a confidential informant—the source of the probable cause—had provided his information some substantial (though unspecified) time in advance of the search. Detectives had secured search warrants for White's residence and his person. They had secured warrants for a co-defendant's residence, person and vehicle. For some reason they failed to get a warrant for White's car, though it is obvious that they had time to do so. Although the *White* opinion does not cite *Coolidge,* it is on "all fours" with that case. Thus, as to the warrant requirement for automobile searches, *where probable cause has been established in sufficient time to obtain a warrant, White* is in full accord with existing federal constitutional law.

*White* does cite *Commonwealth v. Ionata,* 518 Pa. 472, 544 A.2d 917 (1988) which is another "pre-existing probable cause" case. There, detectives obtained information amounting to probable cause from the defendant's girlfriend and obtained a search warrant for defendant's person and apartment. No search warrant was obtained for the defendant's car despite its known role in transporting the drugs. At least four hours passed between the receipt of the information (probable cause) and the search of the automobile. In short, there were no exigent circumstances. Thus, where police have adequate time to secure a warrant, the inherent mobility of an automobile—without more—will not excuse the need for a warrant. See also, *Commonwealth v. Labron,* 543 Pa. 86, 669 A.2d 917 (1995) (police knew "well in advance" that a particular vehicle carrying drugs would be parked in a particular location).

On the other hand, where probable cause has been developed immediately before or during the stop of a vehicle, our courts have consistently held that the automobile stopped on the highway does present an

exigent circumstance. See *e.g., Commonwealth v. Milyak,* 508 Pa. 2, 493 A.2d 1346 (1985) (warrantless search permissible even after vehicle was impounded); *Commonwealth v. Baker,* 518 Pa. 145, 541 A.2d 1381 (1988) (car stopped and gun recovered 30 minutes after informant's tip); *Commonwealth v. Jenkins,* 401 Pa. Super. 580, 585 A.2d 1078 (1991) (warrantless search allowed where probable cause developed over 10 minutes of observations); *Commonwealth v. Rodriguez,* 526 Pa. 268, 585 A.2d 988 (1991) (although tips received November 15 and 23, car encountered on November 27 was pulling away from the delivery location).

Turning now to the facts before us, it is clear that this is not a case of pre-existing probable cause. Here, police stopped a vehicle for an expired inspection sticker. While attempting to identify the driver, who was unable to produce a license, the officer learned that there was an outstanding warrant for the driver's arrest. The driver was removed from the car and immediately searched incident to his arrest. That search yielded a .38 caliber bullet, $226 in cash and a Metrocall pager. The officer testified that, given the totality of the circumstances— particularly the ammunition—he believed there may be a gun in the car. A search for the gun in the center console yielded the cocaine which defendant now seeks to suppress.

What is important in the preceding scenario is that, in contrast to the facts in *White,* all of the probable cause to search was developed at the scene where the car was stopped. There was no time to obtain a warrant. There was an exigency of circumstance.

At this point, we could rest our oars in support of our decision that the warrantless search on probable cause was justified by the exigency we have found. We continue, however, because here, as in *White,* there

is more than one principle of warrantless search at work. We refer to the concept of search incident to arrest.

In the case before us, Officer Jenkins testified that he not only searched the car based upon the probable cause developed at the scene, but also as incident to the arrest of defendant on an outstanding warrant.

In *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct 2860, 2864, 69 L.Ed.2d 768 (1981) the court explained the concept of search incident to arrest:

"[W]e hold that where a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." (footnote omitted)

In *White, supra,* our Supreme Court also found it necessary to discuss the "search incident" issue and did so in the context of *Belton,* and a case decided in Pennsylvania the preceding year, *Commonwealth v. Timko,* 491 Pa. 32, 417 A.2d 620 (1980). *Timko,* quoting *U.S. v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977),[1] observes "[o]nce law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest." *Timko, supra* at 37-38, 417 A.2d at 622-23.

In *Timko,* the defendant motorist was stopped for reckless driving. The motorist was uncooperative and was removed forcefully from his van—but not before

---

1. It is worthy of note that in *Chadwick* the search "incident to arrest" was conducted more than an hour after the defendant was in custody and his footlocker secured.

he had reached for a zippered valise in the back seat. Having observed boxes marked "shotgun shells," the officer suspected the defendant may have been reaching for a weapon. As Timko was removed from the van, another officer retrieved the valise. Timko was frisked and handcuffed while standing next to the driver's door of his van. While this was happening, an officer searched the valise and discovered a loaded gun and marijuana. On this record, since both Timko and the bag were under the exclusive control of the police, our Supreme Court concluded that the search of the bag was not incident to arrest.[2]

Until *White*, our Supreme Court has not had the occasion to revisit its decision in *Timko*. In the meantime, there have been a number of significant decisions on the federal level. First of all, *United States v. Chadwick, supra*, upon which *Timko* relied, was almost entirely eroded by *New York v. Belton, supra*. Secondly, in the 15 years since *Belton* was decided, the Pennsylvania Superior Court has consistently followed *Belton* on the assumption that this decision effectively nullified *Timko* at least as a matter of federal constitutional law. See *e.g., Commonwealth v. Henry,* 358 Pa. Super. 306, 517 A.2d 559 (1986). Now, however, *White* makes it clear that the *Timko* decision is still valid as a matter of state constitutional law. (Art. I. sec. 8.)

How then do the facts in *White* compare with those instantly? After police converged upon White's car, both he and a passenger were removed at gunpoint. Next, two officers entered the car, retrieved a brown paper bag from between the seats, and, on opening the bag,

2. One might ponder why the prosecution did not argue a probable cause justification for a warrantless search here. The answer may lie in the fact that the size of the "valise" was too small to conceal a shotgun.

discovered cocaine. *White* concludes that since the defendant was removed from the car, patted down and moved a short distance from his car, under close police guard, whatever was contained in the vehicle was not accessible to him and thus not subject to a search incident to arrest.

In the case at bar, defendant was in handcuffs and placed in a police van at the time his car was searched. Thus, it is clear under *White* that the search cannot be justified as incident to arrest. Accordingly, to the extent that our order of January 3, 1996, justified the search as incident to arrest, it was, under the holding in *White,* erroneous.[3]

---

3. We cannot help but wonder at the status of searches incident to arrest in Pennsylvania. *White* continues to pay lip service to the concept: "Certainly, a police officer may search the arrestee's person and the area in which the person is detained in order to prevent the arrestee from obtaining weapons or destroying evidence but otherwise, absent an exigency the arrestee's privacy interests remain intact as against a warrantless search." *White, supra,* at 57, 669 A.2d at 902. (footnote omitted)

But what does our Supreme Court mean by this? In footnote 5, the court explains its use of the term "exigency" with an example such as a reason to believe that explosives were present in the vehicle. If, however, police have "reason to believe" the vehicle contains a dangerous instrumentality then, of course, they have probable cause to search and could do so whether incident to arrest or not.

The entire concept of search incident to arrest is that the search is justified solely because of the arrest itself and independently of any collateral information that weapons or contraband may be present. *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973). The absolute anomaly created by *White* is that a search incident to arrest can occur only after an arrest occurs. Of course, once an arrest does occur—a process that by definition involves reducing the suspect to the control of the police—then, according to *White,* a search incident is unjustified.

Since, however, we have found the warrantless search to be valid based upon probable cause and exigent circumstances, our order denying the motion to suppress will be affirmed.

## ORDER

And now, April 11, 1996, defendant's petition for reconsideration of motion to suppress evidence is denied.