541 A.2d 1381

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**John Robert BAKER, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 13, 1987.

Decided May 20, 1988.

John R. Merrick, Public Defender, Charles M.J. Nester, and Joann Selleck, Asst. Public Defenders, for appellant.

Stuart Suss, Director of Appeals, Phyllis R. Streitel, Asst. Dist. Atty., West Chester, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an order of the Superior Court which reversed an order of the Court of Common Pleas that had suppressed certain evidence seized in a search of a vehicle driven by the appellant, John Robert Baker.[1] 347 Pa.Super. 213, 500 A.2d 483. The issue presented is whether a revolver seized from under the seat of appellant's automobile was properly admissible as having been obtained in a search conducted without a warrant, where the search was allegedly based upon probable cause and exigent circumstances. The relevant facts are as follows.

---

1. We find no merit in the Commonwealth's contention that an appeal taken from an appellate reversal of a suppression order is interlocutory and that the instant appeal should therefore be quashed. Appeals taken by defendants following appellate reversals of orders suppressing evidence are clearly cognizable by this Court. See *Commonwealth v. Hamlin*, 503 Pa. 210, 469 A.2d 137 (1983); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963), cert. denied, 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963).

On August 16, 1983, at 2:00 p.m., an informant of known reliability notified police that he had seen appellant waving a gun at an unknown individual in an alley. The informant referred to the gun as a "cannon" with a six-inch barrel, and described the vehicle appellant was driving as an old beat-up red convertible with the top down. The informant also gave police the appellant's full name, and told them appellant was wearing a camouflaged hat. Minutes after receiving this information, police located appellant in a nearby parking area. They maintained surveillance while additional police were summoned to the scene. Police observed that appellant was initially sitting alone in the red convertible, but, after a short while, a woman known to them as Beverly Root entered the automobile. Next, the automobile was driven down the street and police lost sight of it. Police were soon advised by radio, however, that the automobile had become parked again, in a Salvation Army parking lot, not far from where it had been parked before. They proceeded to that location, maintained surveillance for ten to fifteen minutes while appellant was seen sitting on some steps near the automobile, and then approached and stopped appellant after appellant re-entered the vehicle and began to back out of the parking space.

Appellant became highly irate when he was approached by police and suddenly exited from his vehicle, after turning off the ignition, and began walking in circles and verbally abusing police in a loud manner. Police told appellant why he was being stopped, that they had information he had a weapon in his vehicle, and that the vehicle would have to be searched. Appellant, who was wearing a T-shirt and cut-off blue jeans, continued to shout in an angry manner at the police, telling them to leave him alone and leave the scene. Police were aware that appellant had prior police contacts and a history of violent reactions to those contacts, including bouts of yelling and shouting and physical responses that nearly required restraints. They did not, however, handcuff or physically restrain appellant on the instant occasion. While appellant was standing and motioning

around approximately twenty feet from his vehicle, and while Root was located roughly five feet from the vehicle, police succeeded in calming appellant as a brief search of the passenger compartment was conducted that resulted in retrieval of a six-inch revolver from underneath the driver's seat. Appellant was then arrested. Root retrieved a machete from the passenger side of the vehicle. The vehicle was then impounded. The entire incident, from the time of receipt by police of the informant's tip to the arrest of appellant, consumed approximately thirty minutes.

■■■ In holding that the revolver constituted admissible evidence, the Superior Court relied upon the presence of probable cause and exigent circumstances to excuse the need for obtaining a warrant. We agree. It is well established that automobiles are not *per se* unprotected by the warrant requirements of the Fourth Amendment, and of Art. I, § 8 of the Pennsylvania Constitution. *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978). Nevertheless, certain exigencies may render the obtaining of a warrant not reasonably practicable under the circumstances of a given case, and, when that occurs, vehicle searches conducted without warrants have been deemed proper where probable cause was present. See *Commonwealth v. Milyak*, 508 Pa. 2, 493 A.2d 1346 (1985); *Commonwealth v. Holzer*, supra; *Commonwealth v. Lewis*, 442 Pa. 98, 275 A.2d 51 (1971) (warrantless search proper where probable cause exists to believe evidence of crime is concealed in a vehicle lawfully stopped by police). The instant case is clearly one where, based upon these criteria, a search without a warrant was proper.

Police had received information from an informant, whose reliability was known, that appellant assaulted an individual in an alley by threatening the individual with a gun, and that appellant departed from the scene in a particular automobile. Within minutes, police located that automobile and placed appellant under a brief period of surveillance.

Soon thereafter appellant was stopped as he attempted to drive away. Thus, police clearly had probable cause to believe that appellant was in possession of the gun seen by the informant, when, just thirty minutes after the incident in the alley, they searched appellant's vehicle.

This is not a case where police knew hours in advance that a particular vehicle carrying evidence of crime would be parked in a particular locale, such that it would have been reasonably practicable to obtain a search warrant before encountering the vehicle to be searched. Rather, the instant search was conducted when police stopped a moving vehicle just thirty minutes after a reported crime. Inasmuch as the requirement of probable cause was satisfied, the exigencies of the mobility of the vehicle and of there having been inadequate time and opportunity to obtain a warrant rendered the search proper. See *Commonwealth v. Milyak*, supra; *Commonwealth v. Holzer*, supra; *Commonwealth v. Lewis*, supra. See also *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (search of suddenly encountered and lawfully stopped vehicle upheld where probable cause was present to believe contraband was concealed within).

Of course, an alternative to an immediate search in the present case would have been to immobilize the vehicle until a warrant could be obtained. As noted, however, in *Commonwealth v. Milyak*, 508 Pa. at 9–10, 493 A.2d at 1349, it is not clear that the intrusion arising from immobilization of an automobile is less than the intrusion of searching it. Thus, immobilization has been held to be an alternative, not a requirement. *Id.*, 508 Pa. at 11, 493 A.2d at 1351. In short, this case presents a typical scenario where exigent circumstances made it not reasonably practicable to obtain a warrant prior to stopping a vehicle that contained evidence of crime. Since probable cause to search the vehicle was present, a search warrant was not required, and, thus, the Superior Court properly held the revolver seized during the

150

search to be admissible as evidence.[2]

Order affirmed.

STOUT, J., did not participate in the consideration or decision of this case.

**2.** In view of our holding, it is not necessary to address the Commonwealth's alternate assertion that the search was justifiable as a protective search during an investigative detention. See *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).