611 A.2d 727

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Robert J. ELLIOT, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 28, 1992.

Filed June 19, 1992.

Reargument Denied Aug. 19, 1992.

Laurie Magid, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Sarah Kerr, Philadelphia, for appellee.

Before CIRILLO, DEL SOLE and KELLY, JJ.

KELLY, Judge.

In this opinion we are called upon to determine whether a warrantless vehicle search at a police station is permitted following the removal of the vehicle from the scene of the occupants' arrests to the police station where probable cause would have justified an on the scene search. We find such a search proper and reverse the order of the trial court suppressing the evidence seized as a result of the search.

█ We begin by observing that when reviewing the Commonwealth's appeal from the decision of a suppression court, we must consider "only the evidence of the defendant's witnesses and so much of the evidence for the prosecution as read in the context of the record as a whole remains uncontradicted." *Commonwealth v. Smith*, 396 Pa.Super. 6, 8, 577 A.2d 1387, 1388 (1990). When the evidence supports the trial court's findings of fact, we may reverse only when the legal conclusions drawn from these facts are erroneous. *Id.*

### I. *Facts and Procedural History*

We find that the trial court's findings of fact have adequate support in the record, and we will adopt them as our own for purposes of the instant appeal. The relevant findings of fact for our purposes are:

3. Police Officer James Coolen testified that on 7 August 1989, Philadelphia police, acting information provided by an unidentified informant, were conducting a surveillance of a parking lot at Roosevelt Boulevard and Welsh Road. The informant had told Police that a drug transaction was to occur that day between a white male know as "Gary" who would be driving a black Chevrolet Camaro Z–28, Pennsylvania license plate number YNB545 and another white male known as Frank McCloskey who would be driving a gold Buick, Pennsylvania license plate number TB4435. The transaction was to occur between 5:00 P.M. and 6:00 P.M. that day.

4. At 5:44 P.M., Officer Coolen observed two vehicles matching the informant's description pull into the parking lot and stop their vehicles next to each other. The driver of the Camaro, Mr. Gary Oslander, exited his vehicle and approached the driver's side of the Buick. The driver of the Buick was Mr. Frank McCloskey and seated in the passenger side was Mr. Robert Elliot [appellant herein].

5. Officer Coolen further testified that he observed Mr. Elliot show Mr. Oslander a clear plastic bag containing a white powder. At that point in time all three men were arrested and the bag confiscated. A second bag containing white powder was recovered from the Camaro.

6. At no point in time did either money or contraband change hands.

7. Officer James Coolen entered the Buick in order to drive it to the Police District. The Officer observed an STP can in a plastic bag on the front seat. The Officer moved the can to the back seat of the car and transported the car to the Police District.

8. The Police then took a K–9 dog on a search through both vehicles. In reliance on the dogs indication, the Police took the bag containing the STP can from the car.

9. The can was removed from the bag and, after further examination, it was found to have a false bottom. Inside the can were two additional Ziploc bags containing white powder.

10. The search of the interior of the car was conducted without a search warrant while in police custody. The subsequent examination of the STP can and search of its contents was also conducted without benefit of a warrant.

Trial Court Opinion, 7/2/91 at 2–3. From these findings of fact, the trial court concluded that 1) the facts presented were insufficient to provide the officers with probable cause for a warrantless search of closed containers within the automobile; and 2) the use of a K–9 dog to examine the vehicle's contents was not a proper procedure during an inventory search. *Id.* at 4–5.

On appeal the Commonwealth raises several arguments supporting its conclusion that the trial court erred in suppressing the contents of the STP can. Because we find that the trial court erred in concluding that probable cause was lacking, we need not address the Commonwealth's remaining arguments.

## II. *Probable Cause*

The Commonwealth contends that the officers had probable cause to search the car as soon as they had arrested appellant for possession of a controlled substance. Because the officers had observed appellant attempting to sell drugs from an automobile, it argues that it was well within reason for the officers to believe that other narcotics may be hidden in the vehicle. Accordingly, because the officers had probable cause related to the occupants of the vehicle, the Commonwealth concludes that the officers had probable cause to believe that further evidence of crime may be found in the vehicle and the subsequent warrantless search of the vehicle was lawful.

Appellee counters that once the car was impounded, any exigent circumstances had been removed. Thus, the Commonwealth, in order to search the vehicle, was required to secure a warrant.[1]

Recently, in *Commonwealth v. Rodriguez*, 526 Pa. 268, 585 A.2d 988 (1991), our Supreme Court reaffirmed the principle that, "where there is probable cause related to

---

1. Appellee also argues that the Commonwealth has failed to preserve this argument since the Commonwealth did not rely on this particular theory to support its position at the suppression hearing. Review of the record reveals that the Commonwealth did not, in fact, raise the probable cause theory at the suppression hearing. It did, however, raise this theory *in its petition to reconsider the suppression ruling* filed with the trial court. Moreover, the trial court saw fit to address this claim on the merits. Under these circumstances, the claim is properly before us. *See Commonwealth v. Sopota*, 403 Pa.Super. 1, 8, 587 A.2d 805, 808 (1991) (*en banc*) (it is "improper for this Court to deem an issue waived for an alleged failure to preserve the issue for review when the trial court elected to address the issue on its merits."), *quoting Commonwealth v. Hewett*, 380 Pa.Super. 334, 338, 551 A.2d 1080, 1082 (1988).

the vehicle or its occupants, and where the exigencies of the situation compel an immediate search of the vehicle, a warrantless search of an automobile does not offend the Fourth Amendment." *Id.*, 526 Pa. at 272, 585 A.2d at 990. Once the requirement of probable cause is satisfied, the exigencies regarding the inherent mobility of a vehicle and inadequate time to obtain a search warrant render a warrantless vehicle search proper even when the accused is in police custody. *Commonwealth v. Baker*, 518 Pa. 145, 149, 541 A.2d 1381, 1383 (1988). This same probable cause also justifies the search of every part of the vehicle and its contents that could conceal the object of the search. *Commonwealth v. Rodriguez, supra*, 526 Pa. at 273, 585 A.2d at 590.

In *Commonwealth v. Jenkins*, 401 Pa.Super. 580, 585 A.2d 1078 (1991), this Court was faced with a factual scenario similar to the case *sub judice*. In *Jenkins*, an undercover police officer had observed the defendant engage in what appeared to be several drug transactions after having removed packets of white powder from the trunk of a vehicle. Based on his training and experience, the officer placed appellant under arrest. Once the defendant was placed under arrest, the officers on the scene opened the trunk of the vehicle and seized and searched a large yellow plastic bag found to contain cocaine. Prior to trial, appellant moved to have the evidence suppressed. The trial court held that, "because there were no exigent circumstances excusing the police's failure to obtain a search warrant, nor was the search conducted incident to a lawful arrest given the defendant's removal from the vehicle and being restrained by the second officer, the absence of a search warrant was fatal to the Commonwealth's case." *Id.*, 401 Pa.Superior Ct. at 583, 585 A.2d at 1080. On appeal, this Court reversed, finding that once the officers had observed the defendant engaging in criminal activity from within his vehicle, the officers had probable cause to arrest the defendant and to believe that evidence of crime would be found within the vehicle. Accordingly, probable

cause justified the warrantless search of the vehicle and any of its contents which could have concealed the contraband. *Id.,* 401 Pa.Superior Ct. at 590, 585 A.2d at 1084.

■ In the instant case, the officers were lead to the scene by an unidentified informant who tipped off the police to the drug transaction. When the police arrived at the scene, the very cars described arrived within the one hour time frame the informant gave them. Shortly thereafter, the police observed appellant within one of the cars showcasing a clear plastic bag containing a white powdery substance. Under these circumstances, there was more than sufficient probable cause to arrest and search the car. *See Commonwealth v. Jenkins, supra.* The trial court's finding to the contrary is simply unsupportable.

■ The trial court also found that because the vehicle had been removed from the scene of the arrests to the police station, the exigencies were no longer present; hence, the warrantless vehicle search was improper. We find such reasoning to be in error.

In *California v. Acevedo,* 500 U.S. ——, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991), the Supreme Court had occasion to address the very argument appellee and the trial court relied on, *i.e.* once the exigency of the situation no longer exists, even if police have probable cause, they must obtain a search warrant in order to search an impounded vehicle. In *Acevedo,* the Court recognized that the exigency requirement had been refined in *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) so that "the existence of exigent circumstances was to be determined at the time the [automobile is] seized." *California v. Acevedo, supra,* 500 U.S. at ——, 111 S.Ct. at 1986, 114 L.Ed.2d at 627. Thus, in *Chambers,* although the warrantless vehicle search actually took place at the police station when the car was immobilized, because probable cause and exigent circumstances were present at the time the vehicle was stopped, the warrantless search at the station house was constitutionally permissible. *Id.* Accordingly, the *Acevedo*

Court concluded that once "the police have probable cause to justify a warrantless seizure of an automobile on a public roadway, *they may conduct either an immediate or a delayed search of the vehicle." Id.* (emphasis added).

Applying the foregoing principles to facts *sub judice,* it is clear that the officers had probable cause to believe evidence of a crime, *i.e.* narcotics, was concealed within the car at the time of the arrests. The inherent mobility of the vehicle, even with appellant and the driver in custody, provided the necessary exigency for an on the spot warrantless search of the vehicle and any containers found therein which could conceal the object of the search, narcotics. With probable cause and exigency present, the officers most assuredly could have employed the drug detection dog on the spot during their search of the vehicle. *Commonwealth v. Johnston,* 515 Pa. 454, 466, 530 A.2d 74, 79 (1987) (the use of a narcotics detection dog does not offend constitutional principles where officers can articulate reasonable grounds for believing drugs may be present in a given location and are lawfully present when the dog sniff is conducted). As noted previously, the fact that the officers waited until the vehicle was immobilized at the police station does not affect the outcome.

### III. *Conclusion*

Accordingly, since probable cause and exigent circumstances were present to justify a search of the vehicle at the scene of the arrest, a search warrant was not required. Nor were the officers required to obtain a search warrant to subsequently search the car once it had been impounded. Thus, the trial court erred in suppressing the cocaine found in the STP can.[2]

Order reversed. Case remanded for trial.

DEL SOLE, J., noted his dissent.

2. Due to our disposition of the Commonwealth's probable cause argument, we need not address the Commonwealth's remaining claims.