648 A.2d 1172

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Ruffino ROSARIO, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 26, 1994.

Decided Oct. 6, 1994.

John W. Packel, Paul M. George, Philadelphia, for R. Rusario.

Catherine Marshall, Norman Gross, Philadelphia, for Com.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

CASTILLE, Justice.

The sole issue before this Court is whether appellant is entitled to an appeal as of right to the Superior Court from the order of the Court of Common Pleas reversing a municipal court's order granting Appellant's suppression motion. The Superior Court held that the Court of Common Pleas reversal of the suppression order was interlocutory and, therefore, quashed the appeal. For the reasons expressed herein, we affirm the order of the Superior Court.

■ The facts are that Appellant was arrested on October 30, 1989 and charged with the possession of a controlled substance. Appellant made an oral motion to suppress physical evidence pursuant to Pa.R.Crim.P. 6005(a), rather than in writing. This Court would initially note that while the general rule is that all motions to suppress must be in writing and filed with the court of record [1], the Municipal Court of Philadelphia is excepted from the general filing procedures. To the extent *Commonwealth v. Queen*, 536 Pa. 315, 639 A.2d 443, n. 3 (1994), indicated a general disapproval of such procedures, we note that we have nevertheless expressly approved of oral suppression motions in the municipal courts of Philadelphia County as a means to promote the prompt and expeditious disposal of cases in that county. Pa.R.Crim.P. 6005(a).

■ Appellant's motion was granted by the Philadelphia Municipal Court,[2] and the Commonwealth, certifying in good faith that the suppression order substantially handicapped the prosecution, appealed the suppression order to the Philadelphia Court of Common Pleas.[3] The Court of Common Pleas

1. Pa.R.Crim.P. 307 and 9020; 42 Pa.C.S. § 2765(a)(1).

2. Order dated July 12, 1990, Municipal Court of Philadelphia, No. M.C. 89–10–3862. Trial was conducted in the Philadelphia Municipal Court pursuant to 42 Pa.C.S. § 1123(a)(2) which provides:

   (a) **General rule.**—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), the Philadelphia Municipal Court shall have jurisdiction of the following matters:

   \* \* \* \* \* \*

   (2) Criminal offenses by any person (other than a juvenile) for which no prison term may be imposed or which are punishable by imprisonment for a term of not more than five years, including indictable offenses under Title 75 (relating to vehicles)....

3. *See Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985) (an appeal of the grant of a suppression order is proper as an appeal from a final order when the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps its prosecution); *Commonwealth v. Bosurgi*, 411 Pa. 56, 64, 190 A.2d 304, 308 (1963) (practical effect of an order granting the suppression of evidence gives to the order such an attribute of finality as to justify the grant of the right of appeal to the Commonwealth). On May 6, 1992, effective July 6, 1992, Pa.R.App.P. 311 was amended to permit an interlocutory appeal as a matter of right to the Commonwealth in instances where

sitting as an appellate court, reversed the suppression order and remanded the case to the municipal court for trial.[4] Appellant appealed the order of the Court of Common Pleas to the Superior Court (Johnson, *Ford–Elliott,* and Hoffman, JJ.) which quashed the appeal as an improper attempt to gain interlocutory review of a suppression order. *Commonwealth v. Rosario,* 419 Pa.Super. 481, 615 A.2d 740 (1992).

■ Appellant argues that the decision of the Court of Common Pleas constituted a "final" order from which he enjoys an automatic right of appeal to the next appellate level, the Superior Court. A pretrial order is final for purposes of appellate review if it serves to put the litigants out of court by ending the litigation or entirely disposing of the case. *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985); *Commonwealth v. Ray,* 448 Pa. 307, 292 A.2d 410 (1972). *See also* Pa.R.App.P. 341(b) (Definition of Final Order). Since the order of the Court of Common Pleas did not dispose of the matter or effectively terminate the litigation, the order, by definition, is necessarily interlocutory. *See Commonwealth v. Smith,* 518 Pa. 524, 527, 544 A.2d 943, 944–45 (1988) (reaffirming holding in *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963), *cert. denied,* 375 U.S. 910, 84 S.Ct. 204, 11 L.Ed.2d 149 (1963), that an appeal from a suppression order, although interlocutory, is a right enjoyed by the *Commonwealth* ). Therefore, the Superior Court properly quashed the appeal.

Appellant relies upon the following footnote in *Commonwealth v. Baker,* 518 Pa. 145, 541 A.2d 1381 (1988), in support of his proposition that the order was not interlocutory:

We find no merit in the Commonwealth's contention that an appeal taken from an appellate reversal of a suppression order is interlocutory and that the instant appeal should therefore be quashed. Appeals taken by defendants follow-

the Commonwealth asserts that the order will terminate or substantially handicap the prosecution. Pa.R.App.P. 311(d).

4. Order dated July 15, 1991, Court of Common Pleas of Philadelphia County, Criminal Division, No. M.C. 8910–3862, M.R. 90–007764. Courts of common pleas have jurisdiction to review orders of the Philadelphia Municipal Court and the minor judiciary pursuant to 42 Pa.C.S. §§ 932 and 1123(a)(2).

ing appellate reversals of orders suppressing evidence are clearly cognizable by this Court. *See Commonwealth v. Hamlin*, 503 Pa. 210, 469 A.2d 137 (1983); *Commonwealth v. Bosurgi*, 411 Pa. 56, 190 A.2d 304 (1963).

*Baker*, 518 Pa. at 146, n. 1, 541 A.2d at 1382, n. 1. To the extent this language in *Baker* suggests that appellate reversals of suppression orders are not interlocutory, *Baker* is overruled. While there may be instances in which an appellate court, in exercise of its discretionary powers, may entertain a challenge to the lower court's reversal of a suppression order if such a claim were properly raised before it in a petition for allowance of appeal, such is not the case here. *See e.g.*, Pa.R.A.P. 1114. Here, a petition for allowance of appeal was not filed. The Superior Court was well within its authority to quash appellant's appeal; we will not disturb its ruling.

█ We find equally unpersuasive appellant's arguments that the Superior Court should be required to review the ruling based upon judicial economy. Indeed, we find the contrary to be true for once appellant proceeds to trial, he may very well be acquitted thereby obviating the need for any appellate court's review of the suppression issue. In the event a verdict of guilty is returned, appellant then will be afforded the full panoply of appellate rights. His due process rights will not be violated because the Superior Court declines to hear his potentially moot claim pre-verdict.

Accordingly, the matter is remanded to the Municipal Court of Philadelphia County for proceedings consistent with this decision.

CAPPY, J., files a concurring opinion.

MONTEMURO, J., files a concurring opinion in which NIX, C.J., and ZAPPALA and CAPPY, JJ., join.

MONTEMURO, J., is sitting by designation.

CAPPY, Justice, concurring.

I join the Concurring Opinion authored by Mr. Justice Montemuro. I write separately for three reasons.

First, I would endorse the reasoning of the learned Superior Court that it possesses no appellate jurisdiction to review an interlocutory order of the Court of Common Pleas of Philadelphia County by virtue of 42 Pa.C.S. §§ 742, 932 and 1123.

Second, in my opinion, the decision herein implicates an important question of waiver that should be addressed in order to protect Appellant's constitutional rights. Significantly, an order suppressing physical evidence against Appellant was entered by the Philadelphia Municipal Court, and reversed on appeal by the Court of Common Pleas of Philadelphia County. Appellant's subsequent appeal to the Superior Court was quashed based upon a lack of jurisdiction. Since we have affirmed the decision of the Superior Court, this matter will now be returned to the Philadelphia Municipal Court for trial on the merits. At that trial, the Commonwealth will be permitted to introduce physical evidence obtained from a search of Appellant that was arguably conducted without reasonable suspicion or probable cause. If convicted, Appellant will be entitled to appeal for a trial *de novo* in the Court of Common Pleas of Philadelphia County. However, this trial is not *de novo* in the traditional sense. During this *de novo* trial, Appellant will be precluded from re-litigating the suppression claims previously decided by the Philadelphia Municipal Court and affirmed by the Court of Common Pleas, since this form of "*de novo* trial" has been held to not include pre-trial matters. *Commonwealth v. Harmon*, 469 Pa. 490, 366 A.2d 895 (1976).

Given this form of limited "*de novo* trial" by the Court of Common Pleas, I am concerned that Appellant's suppression claims will not be preserved for review by the Superior Court should the *de novo* proceedings also culminate with a conviction. In my opinion, the ruling of this Court now makes it incumbent upon Appellant to take affirmative action to preserve his suppression claims during the *de novo* trial before the Court of Common Pleas. Otherwise, they may be deemed waived by the Superior Court, since by general definition a *de novo* proceeding is conducted as if the matter has not been heard before and as if no decision has been previously ren-

dered. Thus, I believe that during this form of limited *de novo* proceeding Appellant must at least raise, or attempt to re-litigate, his suppression claims and incorporate the relevant portions of the record created by the Philadelphia Municipal Court. In so doing, Appellant will ensure that his suppression claims will be sufficiently preserved should the Superior Court be called upon to review a conviction arising from the *de novo* trial.

Third, in rendering its decision, the Majority has for some reason deemed it desirable to reference a "general rule" that all motions to suppress evidence must be presented in writing, irrespective of the fact that such was not at issue in the case. While it is advisable to file suppression motions in writing, it is my experience that under certain circumstances there is insufficient time in which to do so. A hard and fast rule preventing such emergency oral motions to suppress could conceivably serve only to harm, without adequate basis, the rights guaranteed to an accused by the Constitutions of the United States and this Commonwealth. I agree that the relaxed requirement in the Philadelphia Municipal Court has fostered confusion on this question in other jurisdictions, since Pa.R.Crim.P. 323 governing suppression of evidence contains no specific requirement that such motions must be in writing. However, if this Court is going to address the issue, it should be decided completely, and in a manner that would achieve consistency in practice before all jurisdictions. Therefore, I expressly disassociate myself from this portion of the Majority Opinion.

MONTEMURO, Justice, concurring.

I agree with the conclusion reached by the Majority in this case. However, I write separately to express my views on the extent to which our opinion in *Commonwealth v. Baker,* 518 Pa. 145, 541 A.2d 1381 (1988), should be overruled.

Petitioner relies on the following language in *Baker* to support his assertion that he is entitled to appeal to the Superior Court as a matter of right:

We find no merit in the Commonwealth's contention that an appeal taken from an appellate reversal of a suppression

order is interlocutory and that the instant appeal should therefore be quashed. Appeals taken by defendants following appellate reversals of orders suppressing evidence are clearly cognizable by this Court.

*Baker,* 518 Pa. at 146 n. 1, 541 A.2d at 1382 n. 1 (citations omitted).

In *Baker,* the Court of Common Pleas suppressed certain evidence seized in a search of the appellant's vehicle. The Commonwealth appealed to the Superior Court which reversed the suppression order. The appellant appealed to this Court and we granted allocatur on the question of whether a revolver seized from under the seat of appellant's automobile was properly admissible in a search made without a warrant. The Commonwealth argued that the appeal to this Court should be quashed as interlocutory. In the above-quoted footnote we rejected the Commonwealth's contention that appellate orders suppressing evidence were not cognizable by this Court. I believe that this footnote did no more than reassert our longstanding authority to review appellate reversals of orders suppressing evidence where they present "special" or "important" reasons for such review. *See, e.g., Commonwealth v. Lopez,* 525 Pa. 185, 579 A.2d 854 (1990) (review of Superior Court reversal of trial court order granting suppression motion); *Commonwealth v. Melilli,* 521 Pa. 405, 555 A.2d 1254 (1987) (same); *Commonwealth v. Robinson,* 518 Pa. 156, 541 A.2d 1387 (1988) (same); *Commonwealth v. Carlisle,* 517 Pa. 36, 534 A.2d 469 (1987) (same); *Commonwealth v. Hamlin,* 503 Pa. 210, 469 A.2d 137 (1983) (same). I do not believe that *Baker* should be overruled so as to suggest that all appellate reversals of suppression orders are interlocutory, thus precluding this Court from its longstanding practice of reviewing such orders where special or important reasons are presented.

■ I write to express my view that *Baker* should be overruled in a more limited manner. The instant case comes to us in a different form than *Baker* and the cases cited above. This case was not brought in the court of common pleas,

appealed to the Superior Court by the Commonwealth, and then granted allocatur by this Court. Instead, this case was brought in Municipal Court, appealed to the court of common pleas sitting as an appellate court by the Commonwealth, and then appealed to the Superior Court by the appellant. I agree with the Majority that *Baker* should be overruled to the extent that the above-quoted language in *Baker* suggests that appellate reversals of suppression orders are not interlocutory and appealable as a matter of right to the Superior Court in cases such as this. However, I would carefully limit our holding to this point. Although I agree with the Petitioner that the language in this footnote is facially applicable to the case at bar, I reiterate my belief that this language in *Baker* did no more than preserve our authority to review appellate reversals of suppression orders where they presented special or important reasons for our consideration. I do not believe that our intent was to make all such appellate reversals appealable as a matter of right to the Superior Court in the instant context. Thus, I agree with the Majority's conclusion that appellate reversals of suppression orders are interlocutory in this instance and not appealable to the Superior Court as a matter of right.

As with cases that originate in the Commonwealth Court and are granted discretionary appeal to this Court, defendants whose cases originate in the Municipal Court have an avenue for discretionary appeal. Pa.R.A.P. 1311 allows a party to appeal an interlocutory order to the Superior Court by permission by filing a Petition for Permission to Appeal. Pa.R.A.P. 1311(a), (b). Here, such a Petition for Permission to Appeal was not filed. Thus, I agree with the Majority that the Superior Court was well within its authority to quash appellant's appeal and that we should not disturb its ruling.

NIX, C.J., and ZAPPALA and CAPPY, JJ., join in this concurring opinion.