COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Powell
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0218-09-1                     JUDGE LARRY G. ELDER
                                                        JUNE 2, 2009
CARLTON M. GRIMES, JR.


             FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Dean W. Sword, Jr., Judge

             Gregory W. Franklin, Assistant Attorney General (William C. Mims,
             Attorney General, on briefs), for appellant.

             William W. S. Hendricks (Office of the Public Defender, on brief),
             for appellee.


        Carlton M. Grimes, Jr. (defendant), stands indicted for two offenses involving the

possession of cocaine and a firearm.  Pursuant to Code § 19.2-398, the Commonwealth appeals a

pretrial ruling granting defendant's motion to suppress all evidence resulting from the search of

his vehicle that yielded the cocaine and firearm.  The trial court concluded the police lacked

exigent circumstances to justify a search of his vehicle and, thus, that the search violated the

Fourth Amendment.  We hold the trial court's ruling suppressing the evidence was error, and we

reverse and remand for further proceedings consistent with this opinion.

        Examining a trial court's ruling on a motion to suppress evidence allegedly seized in

violation of the Fourth Amendment "presents a mixed question of law and fact that we review *de

novo* on appeal.  In making such a determination, we give deference to the factual findings of the

trial court and independently determine whether the manner in which the evidence was obtained

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[violated] the Fourth Amendment." Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002) (citations omitted); see also Ornelas v. United States, 517 U.S. 690, 691, 699, 116 S. Ct. 1657, 1659, 1663, 134 L. Ed. 2d 911, 916, 920 (1996). The court is not required to make explicit findings of fact, and when it does not make such findings, we view the evidence in the light most favorable to the prevailing party, here the defendant, granting to the evidence all reasonable inferences fairly deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

Although the Fourth Amendment generally requires that "searches be conducted pursuant to a warrant issued by an independent judicial officer," one of the specifically established and well-delineated exceptions to this requirement is the so-called "automobile exception." California v. Carney, 471 U.S. 386, 390, 105 S. Ct. 2066, 2068, 85 L. Ed. 2d 406, 412 (1985); see also California v. Acevedo, 500 U.S. 565, 580, 111 S. Ct. 1982, 1991, 114 L. Ed. 2d 619, 634 (1991). Under this exception, if probable cause to search an automobile exists, "a warrantless search of [that] automobile . . . [does] not contravene the Warrant Clause of the Fourth Amendment." Acevedo, 500 U.S. at 569, 111 S. Ct. at 1986, 114 L. Ed. 2d at 627 (citing Carroll v. United States, 267 U.S. 132, 158-59, 45 S. Ct. 280, 287, 69 L. Ed. 543, 554 (1925)); see Maryland v. Dyson, 527 U.S. 465, 466-67, 119 S. Ct. 2013, 2014, 144 L. Ed. 2d 442, 445 (1999) (per curiam). "The reasons for the exception . . . are two fold": the ready mobility of vehicles and the reduced expectation of privacy resulting from pervasive regulation of vehicles. Carney, 471 U.S. at 391-92, 105 S. Ct. at 2069, 85 L. Ed. 2d at 413.

A vehicle search may be conducted if it is based upon "'facts that would justify the issuance of a warrant, *even though a warrant has not been actually obtained.*'" Dyson, 527 U.S. at 467, 119 S. Ct. at 2014, 144 L. Ed. 2d at 445 (quoting United States v. Ross, 456 U.S. 798, 809, 102 S. Ct. 2157, 2164-65, 72 L. Ed. 2d 572, 584 (1982)) (emphasis added in Dyson).

"[T]he automobile exception has no separate exigency requirement." Id. at 466, 119 S. Ct. at 2014, 144 L. Ed. 2d at 445. "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." Pennsylvania v. Labron, 518 U.S. 938, 940, 116 S. Ct. 2485, 2487, 135 L. Ed. 2d 1031, 1036 (1996), quoted with approval in Dyson, 527 U.S. at 467, 119 S. Ct. at 2014, 144 L. Ed. 2d at 445.

The Commonwealth argues the trial court erred in ruling it was required to show exigent circumstances to justify the search of the van. Defendant contends the trial court implicitly concluded the Commonwealth failed to show the van was "readily mobile" and, thus, failed to prove sufficient facts to invoke the automobile exception. We hold as a matter of law that the proper test was whether the van was apparently rather than actually mobile and that the evidence, viewed in the light most favorable to defendant, compels the conclusion that the search of the van was reasonable under the Fourth Amendment.

The Court in Dyson recognized its prior holding that "'[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more.'" 527 U.S. at 467, 119 S. Ct. at 2014, 144 L. Ed. 2d at 445 (quoting Labron, 518 U.S. at 940, 116 S. Ct. at 2487, 135 L. Ed. 2d at 1036). Nevertheless, it noted the lower court had found "'abundant probable cause' that the car contained contraband," and it held that "*[t]his finding alone* satisfies the automobile exception to the Fourth Amendment's warrant requirement." Id. (emphasis added); see also Carney, 471 U.S. at 391, 105 S. Ct. at 2069, 85 L. Ed. 2d at 413. As other courts have recognized, "[t]he fourth amendment does not require that officers ascertain the actual functional capacity of a vehicle in order to satisfy the exigency requirements. The test is reasonableness under all the circumstances." United States v. Hepperle, 910 F.2d 836, 840 (8th Cir. 1988), cited with

approval in 3 Wayne R. LaFave, Search & Seizure § 7.2(b), at 554 (4th ed. 2004) ("The Hepperle position that it is appearances and not the actual condition of the vehicle that counts is not only eminently sound, but also squares completely with the Carney reference to 'the presence of the vehicle in a setting that objectively indicates that the vehicle is being used for transportation." (quoting Carney, 471 U.S. at 394, 105 S. Ct. at 2070-71, 85 L. Ed. 2d at 415) (footnote omitted)); see also United States v. Perry, 925 F.2d 1077, 1080 n.4 (8th Cir. 1991) ("It is the characteristic mobility of all automobiles, not the relative mobility of the car in a given case, that gives rise to the . . . standard which allows for warrantless searches when probable cause exists."). "It would be unduly burdensome to require the police to establish that every car that appeared to be mobile was indeed mobile before making the search." United States v. Hatley, 15 F.3d 856, 859 (9th Cir. 1994), cited with approval in 3 LaFave, supra, § 7.2(b), at 554 n.69.

Although the facts in Dyson involved a search of a car the police knew was "readily mobile" because they had conducted a traffic stop of the moving vehicle, see 527 U.S. at 466, 119 S. Ct. at 2013, 144 L. Ed. 2d at 444, the Supreme Court has implicitly applied the automobile exception in a case in which the mobility of the vehicle at issue was not readily apparent. In Pennsylvania v. Kilgore, a case consolidated and decided simultaneously with Labron, the police observed a truck parked in the driveway at the defendant's father-in-law's residence. 518 U.S. at 939-40, 116 S. Ct. at 2486, 135 L. Ed. 2d at 1035. Via surveillance of the residence, the police obtained probable cause to believe the truck was the source of a quantity of cocaine the defendant's wife sold to an informant, but the wife traveled in a different vehicle to consummate the sale, and nothing in the Supreme Court's decision or the opinions from the Pennsylvania courts indicated the police had any knowledge regarding whether the defendant's truck was "readily mobile." Id.; see Commonwealth v. Kilgore, 677 A.2d 311, 311-12 (Pa.

1995), rev'g, 650 A.2d 462, 463-65 (Pa. Super. Ct. 1994).  The trial court concluded the automobile exception applied to the search of the truck because the officers had probable cause, and the intermediate appellate court agreed.  650 A.2d at 464.  Neither court articulated any separate consideration of whether the truck was "readily mobile."  Id. at 464-66.  Only the Pennsylvania Supreme Court held the Commonwealth failed to prove the existence of exigent circumstances, thereby requiring suppression, 677 A.2d at 313, and the United States Supreme Court reversed that ruling, holding the evidence established probable cause and implicitly presuming, in the absence of evidence to the contrary, that the vehicle was readily mobile, 518 U.S. at 939-40, 116 S. Ct. at 2486-87, 135 L. Ed. 2d at 1035-36.

Similarly, in defendant Grimes' case, "[t]here was nothing apparent to the officers to suggest the car was immobile."  Hatley, 15 F.3d at 859.  No evidence indicated it was "up on blocks, and there was no information in the record to indicate the tires were flat or that wheels of the car were missing."  Id.  After the search, Officer Riddle drove the van from the parking lot to the police department, which supports the inference that nothing about the van's appearance prior to the search indicated it was not "readily mobile."  Thus, we hold as a matter of law that the van was "*apparently* mobile" at the time of the search and that this was all that was required to permit application of the automobile exception to the warrant requirement. [1]  Id.

---

[1] The Supreme Court's recent decision in Arizona v. Gant, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009), is not controlling in defendant's case.  In Gant, the Court addressed its prior opinion in New York v. Belton, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981).  It noted Belton "ha[d] been widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search."  129 S. Ct. at 1718, 173 L. Ed. 2d at 495.  The Court "reject[ed] this reading of Belton and h[e]ld that . . . police [are authorized] to search a vehicle incident to a recent occupant's arrest only when the arrestee [was] unsecured and within reaching distance of the passenger compartment at the time of the search."  Id. at 1719, 173 L. Ed. 2d at 496.  On that basis, the Court held exclusion of the evidence was required.

In Gant, the officers did not have probable cause to search the vehicle; thus, the automobile exception did not apply.  In defendant's case, by contrast, because probable cause existed to believe the van contained cocaine, the automobile exception was applicable.

For these reasons, we hold the trial court erred in granting defendant's motion to suppress. We reverse the trial court's ruling on that motion and remand for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>