690 A.2d 229

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Randy Lee KILGORE, Appellant.**

Supreme Court of Pennsylvania.

Submitted Aug. 6, 1996.

Decided Feb. 26, 1997.

Allen H. Smith, York, for Kilgore.

Christy H. Fawcett, York, for Commonwealth.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

ZAPPALA, Justice.

This case is before us on remand from the United States Supreme Court for further proceedings not inconsistent with its per curiam opinion, *Pennsylvania v. Kilgore*, — U.S. ——, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996). We issued an opinion in this matter on December 26, 1995, which sets forth the factual and procedural history of the case. *Commonwealth v. Kilgore*, 544 Pa. 439, 677 A.2d 311 (1995). We there held that although probable cause existed, the warrantless search of Appellant's vehicle was illegal since the Commonwealth failed to set forth exigent circumstances such that it would have been impracticable for the police to have obtained a search warrant. We stated, "we are constrained to conclude that the search of Appellant's vehicle was conducted in a manner which violated his rights under the Fourth Amendment...." *Id.* at 445, 677 A.2d at 314.

The United States Supreme Court summarily reversed our decision, along with *Commonwealth v. Labron,* 543 Pa. 86, 669 A.2d 917 (1995), holding that the warrantless searches of the automobiles did not violate the Fourth Amendment to the United States Constitution because probable cause was established. The Court added that "[t]he law of the Commonwealth thus appears to us 'interwoven with the federal law, and . . . the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" —— U.S. at ——, 116 S.Ct. at 2487, citing *Michigan v. Long,* 463 U.S. 1032, 1040–1041, 103 S.Ct. 3469, 3476–3477, 77 L.Ed.2d 1201 (1983).[1]

In our opinion on remand in *Commonwealth v. Labron,* (J–127A–1996), we stated that *Labron* was decided upon independent state grounds. Finding that the state constitutional claim was preserved, we reinstated our previous order. Appellant here, however, did not adequately preserve a state constitutional claim. The record establishes that Appellant's first reference to Article I, Section 8 of the Pennsylvania Constitution appears in his brief to our Court. He did not raise a claim under the Pennsylvania Constitution in the lower courts. Matters not raised in the trial court cannot be considered on appeal. *Commonwealth v. Capitolo,* 508 Pa. 372, 498 A.2d 806 (1985); *Commonwealth v. Simmon,* 521 Pa. 218 n. 1, 555 A.2d 860 n. 1 (1989) (state constitutional claim raised for first time in appeal to Supreme Court is waived).

Accordingly, since Appellant has failed to preserve a state constitutional claim and the United States Supreme Court reversed our previous decision as an improper interpretation of federal law, we vacate our order which reversed the Superior Court's affirmance of Appellant's judgment of sentence.

CASTILLE, J., files a concurring opinion joined by NEWMAN, J.

NIGRO, J., concurs in the result.

---

1. Justice Stevens filed a dissenting opinion in which Justice Ginsburg joined.

CASTILLE, Justice, concurring.

I concur in the result as it is consistent with my dissenting opinion in *Commonwealth v. Kilgore,* Pa. , 544 Pa. 439, 677 A.2d 311 (1995), *rev'd sub nom. Pennsylvania v. Labron,* —— U.S. ——, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) (*"Kilgore I "*) that the Majority in *Kilgore I* erroneously interpreted the Fourth Amendment to the United States Constitution. In *Chambers v. Maroney,* 399 U.S. 42, 45, 90 S.Ct. 1975, 1978, 26 L.Ed.2d 419 (1970), the United States Supreme Court held that seizing a vehicle while securing a search warrant is no less of an intrusion of the owner's Fourth Amendment rights than is a warrantless search. However, in *Kilgore I,* the Majority held that there were no exigent circumstances justifying a warrantless search of an automobile since one officer could have remained with the automobile while another officer obtained a warrant to actually search the car. By requiring police to obtain a warrant to search an automobile except in extreme circumstances, the Majority in *Kilgore I* "essentially eviscerated the entire automobile exception." *Kilgore I, supra* at , 677 A.2d at 314 (Castille, J., dissenting). As the United States Supreme Court acknowledged, this was an incorrect reading of Fourth Amendment jurisprudence on the automobile exception. *Pennsylvania v. Labron, supra.*

NEWMAN, J., joins this concurring opinion.