**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Randy Lee KILGORE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 22, 1998.
Filed Sept. 11, 1998.

William Costopoulos, Lemoyne, for appellant.

William H. Graff, Jr., Asst. Dist. Atty., York, for Com., appellee.

Before DEL SOLE, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

Randy Lee Kilgore appeals the trial court's order entered in response to his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541–46. Kilgore alleged ineffective assistance of trial counsel. Although the trial court found Kilgore's counsel ineffective, it omitted to order a new trial pending the outcome of this appeal. We find that counsel failed to assert Kilgore's rights under Article 1, Section 8 of the Constitution of the Commonwealth of Pennsylvania, and that his failure to do so was without a reasonable basis. Accordingly, we affirm the trial court's order declaring Kilgore's counsel ineffective and we remand for a new trial.

Kilgore was arrested in 1992 for possession of a controlled substance with intent to deliver, and delivery of a controlled substance, after police executed a warrantless search of his vehicle and found three and one half ounces of cocaine. Prior to trial, Kilgore asserted that his arrest had resulted from an illegal seizure, and counsel filed an omnibus pre-trial motion seeking to suppress the physical evidence that police had seized. However, the motion failed to specify constitutional or other provisions of law pursuant to which the suppression request was made, stating only that "[t]he police conducted an illegal search and seizure." Motion to Suppress Evidence attached to Brief and Reproduced Record for Appellant at 21a. The trial court ultimately denied the motion and admitted the contested evidence at trial. Thereafter, Kilgore was convicted.

On appeal, this Court affirmed, *Commonwealth v. Kilgore*, 437 Pa.Super. 491, 650 A.2d 462 (1994), but the Pennsylvania Supreme Court reversed, finding that police legally could not execute a warrantless search of Kilgore's vehicle absent a showing of exigent circumstances that threatened im-

minent flight or destruction of the evidence. *Commonwealth v. Kilgore*, 544 Pa. 439, 443, 677 A.2d 311, 313 (1995). Because Kilgore had been taken into custody, and his vehicle placed under police guard, the court concluded that such circumstances were not shown, rendering the search illegal. *Id.*

Thereafter, the Commonwealth appealed to the United States Supreme Court, which concluded that probable cause was a sufficient basis under the Fourth Amendment for a warrantless search of Kilgore's vehicle. *Pennsylvania v. Labron, Pennsylvania v. Kilgore*, 518 U.S. 938, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996). Recognizing, however, that "[t]he law of the Commonwealth thus appears to us 'interwoven with the federal law ...,'" and noting that the opinion of the Pennsylvania Supreme Court did not distinguish possible state claims, the Court remanded the case for review of the "adequacy and independence of any state law ground," on which the decision may have been made. *Id.* at 947, 116 S.Ct. at 2490, 135 L.Ed.2d at 1036. On remand, our supreme court acknowledged that Kilgore "did not adequately preserve a state constitutional claim," because his first reference to the appropriate provision of the Pennsylvania Constitution, Article 1, Section 8, appeared in his brief to that court on direct appeal. *Commonwealth v. Kilgore*, 547 Pa. 346, 348, 690 A.2d 229, 230 (1997). The court concluded accordingly, that Kilgore had waived the issue of whether the search of his vehicle violated state constitutional protections against unreasonable search and seizure. *Id.*

Consequently, Kilgore, with the aid of new counsel, filed the underlying PCRA petition asserting that his trial counsel had been ineffective for failing to assert a specific state constitutional claim at trial, and failing to preserve the claim on appeal. N.T., October 22, 1997, at 3. The trial court, the Honorable Joseph E. Erb, Senior Judge, convened a brief conference with Kilgore's current counsel and the district attorney, but took no testimony and made no discreet findings of fact. However, the court disposed of Kilgore's petition on the record, stating:

Put on the record the following order: NOW, to wit: This 22 nd day of October,

1997, ... We will allow an appeal to be taken—we do find that counsel was ineffective in not raising [the question of Kilgore's state constitutional rights], and we will allow an appeal to the Supreme Court with reference to violation of the Constitution of the State. The court will not rule on that at this time.

N.T., October 22, 1997, at 3–4. The court omitted to grant a new trial but, following dictation of the foregoing order, stated to counsel, "At the very most in this case, I expect I will be ordering a new trial...." *Id.* at 4. Consequently, Kilgore appealed the court's disposition, requesting that this Court order a new trial.

 When reviewing a claim of ineffective assistance of counsel, we are guided by the following principles:

To establish an ineffective assistance of counsel claim, appellant must first demonstrate that the underlying claim is of arguable merit; then, that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate Appellant's interest; and, finally, that but for the act or omission in question, the outcome of the proceedings would have been different....

*Commonwealth v. Travaglia*, 541 Pa. 108, 118, 661 A.2d 352, 356–357 (1995). Here, the Commonwealth concedes that Kilgore's claims possess arguable merit and that the evidence gathered incident to the search would have been suppressed had state constitutional claims been raised and preserved. The Commonwealth concedes also that had the evidence been suppressed, the outcome of the proceedings would have been different. Brief for Appellee at 12. Consequently, the sole issue remaining for our consideration is whether trial counsel's omission to raise and preserve Kilgore's state constitutional claims was "grounded on any reasonable basis designed to effectuate Appellant's interest." *Id.*

Our supreme court has instructed that to determine whether counsel's course of action was "grounded on any reasonable basis," we must employ the following analysis:

In gauging the performance of an attorney at trial, the process must entail a comparison of the course adopted by counsel with the alternatives available.... The test is

not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. . . . '[A] finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success *substantially greater* than the tactics actually utilized.' *Commonwealth v. Collins*, 519 Pa. 58, 64, 545 A.2d 882, 885 (1988), quoting *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). The balance tips in favor of a finding that counsel's assistance was effective should we conclude that his or her decisions had *any* reasonable basis. *Id.*

In this matter, however, we are constrained to conclude that counsel's failure to assert relevant protections under our state constitution admits of no reasonable motivation. The Commonwealth argues that the rights of which Kilgore now seeks to avail himself were defined only after the United States Supreme Court had reviewed his conviction, and therefore constitute new law, the development of which trial counsel could not have predicted. *See Commonwealth v. Carter*, 409 Pa.Super. 184, 190–94, 597 A.2d 1156, 1159–60 (1991)("We cannot impose upon trial counsel the qualities of a seer. . . ."). However, a brief survey of Pennsylvania jurisprudence as it appeared prior to Kilgore's 1992 trial reveals that the Commonwealth's argument is flawed.

In 1978, the Pennsylvania Supreme Court recognized that a warrantless search of an automobile implicated constitutional guarantees provided by the Pennsylvania Constitution, Article 1, Section 8, as well as by the Fourth Amendment of the United States Constitution. *Commonwealth v. Holzer*, 480 Pa. 93, 102 n. 4, 389 A.2d 101, 105 n. 4 (1978).

In 1988, our supreme court again identified our state constitution, Article 1, Section 8, as a source of legal protection governing warrantless searches of automobiles. *See Commonwealth v. Baker*, 518 Pa. 145, 148, 541 A.2d 1381, 1383 (1988)("It is well established that automobiles are not *per se* unprotected by the warrant requirements of the Fourth Amendment, and of Art. I [sic; 1], § 8 of the Pennsylvania Constitution.").

Moreover, in 1991, the supreme court recognized "the importance of state constitutions with respect to individual rights and criminal procedure," and emphasized the distinctive character of the Pennsylvania Constitution, and, in particular, of Article 1, Section 8. *Commonwealth v. Edmunds*, 526 Pa. 374, 390, 586 A.2d 887, 895 (1991). Addressing an issue of search and seizure, the court drew a sharp distinction between the Fourth Amendment to the federal Constitution, and its state law analog. *See Id.* at 394–95, 586 A.2d at 897 (concluding that while "the *sole purpose* of the exclusionary rule under the 4[th] Amendment was to deter police misconduct," the Pennsylvania Constitution, Article 1, Section 8, "is meant to embody a strong notion of privacy. . . ."). In point of fact, the court admonished litigants specifically that "it is both important and necessary that we undertake an independent analysis of the Pennsylvania Constitution, each time that fundamental document is implicated," and instructed litigants on specific analyses required to make a "plain statement" of independent state grounds. *Id.* at 390, 586 A.2d at 895.

Given the foregoing synopsis of our supreme court's jurisprudence at the time of Kilgore's conviction in 1992, we can conceive of no reasonable basis upon which trial counsel could have chosen not to assert Kilgore's rights under the Pennsylvania Constitution. Well before Kilgore's trial, our supreme court had recognized Article 1, Section 8, as a source of legal protection against unreasonable search and seizure separate and apart from the Fourth Amendment. *Holzer, supra; Baker, supra.* Moreover, the court had cautioned litigants on the necessity of asserting state constitutional claims and had instructed specifically on the method by which a successful analysis should be framed. *Edmunds, supra.* Accordingly, we are constrained to conclude that in his failure to assert and preserve Kilgore's state constitutional rights, trial counsel rendered ineffective assistance.

Order finding counsel ineffective **AFFIRMED**. Case **REMANDED** for further proceedings consistent with this Opinion.

**JURISDICTION RELINQUISHED.**