J. S64013/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PHILIP J. GIUNTA, II, | : | No. 801 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, April 16, 2015,
in the Court of Common Pleas of Centre County
Criminal Division at No. CP-14-CR-0001084-1012

BEFORE:  FORD ELLIOTT, P.J.E., WECHT AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED NOVEMBER 23, 2015**

Philip J. Giunta appeals from the April 16, 2015 order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Finding that trial counsel provided ineffective assistance, we reverse and remand for a new trial.

This case concerns an incident that occurred at a house party on South Allen Street in State College, Pennsylvania, during the early morning hours of September 5, 2011.  The victim, C.M.,[1] traveled from her home in Bellefonte, Pennsylvania, on September 4, 2011, for an overnight visit with her friends, Arianna Smith and Mary Hickey, who lived in the North Halls

---

* Former Justice specially assigned to the Superior Court.

[1] It is common practice of this court to identify victims of sexually based offenses by their initials.

dormitory at Penn State University. (Notes of testimony, 3/4/13 at 29-30, 154.) After spending several hours at Smith's dorm, the victim, Smith, and Hickey walked to a house party being held by Josh Baker and Jeff Green, both of whom went to high school with the victim. (*Id.* at 31.) The victim and her friends arrived at the party between 10:00 and 10:30 p.m. (*Id.* at 32.) While at the party, the victim consumed several alcoholic beverages to the point that she became intoxicated. (*Id.* at 31.)

Appellant arrived at the party between approximately 10:30 and 11:00 p.m. on September 4. (*Id.* at 32.) Upon his arrival, the victim took her friends outside to the porch to tell them that appellant was involved in a previous incident with her friend at Lock Haven University. (*Id.* at 33, 155.) Hickey's testimony indicated that the victim specifically told her friends that appellant had raped A.G.[2] at Lock Haven. (*Id.* at 155.)

After appellant's arrival, the victim went to get a beer from Green's bedroom. (*Id.* at 33.) Appellant followed her into Green's bedroom and kissed the victim, and she reciprocated for approximately ten seconds. (*Id.* at 33-34.) During this encounter, appellant said to the victim, "You know, we're going to hook up tonight." (*Id.* at 34.) The victim responded by saying, "Yeah right," but she testified that her response was meant to be sarcastic. (*Id.*)

---

[2] Appellant was never charged with a crime relating to an alleged sexual assault of A.G. Due to the fact that a sexually based offense has been alleged, we will identify the alleged victim only by her initials.

Later, in the early morning hours of September 5, 2011, the victim went outside to get some fresh air and smoke a cigarette, where she was joined by appellant. (*Id.* at 35.) During this conversation, appellant twice told the victim to "follow me," and twice the victim declined. (*Id.* at 35-36.) Appellant then said "follow me" a third time and, grabbing the victim's arm, took her to the side of the house. (*Id.* at 36.) There, the victim testified that appellant pushed her down on the ground, forced the victim's legs apart, and "put his penis inside of [her]," against her will. (*Id.* at 36-37.) The victim testified that she had passed out and she recalled waking up by herself at the side of the house. (*Id.* at 37.)

The victim's friends took her to Mount Nittany Medical Center, where she was treated by Monique Wooster, a registered nurse in the hospital's emergency department. (*Id.* at 50-51.) Nurse Wooster testified that the victim had a laceration of the left vaginal wall. (*Id.* at 66.) The Commonwealth's expert witness, Jenifer Markowitz,[3] testified that the victim's injuries were consistent with the victim's allegations. (*Id.* at 100.)

Appellant testified in his own defense at trial. He testified that the victim was very "flirtatious" with him throughout the evening. (*Id.* at 227.) He testified that the victim told him that they were going to have sex that night, and that the victim was asking if he would spend the night with her.

---

[3] Markowitz is a forensic nursing consultant, and was accepted by the trial court as an expert witness. (*Id.* at 84, 95.)

(*Id.* at 230.) Appellant admitted to joining the victim on the porch for a cigarette. (*Id.* at 231.) After both the victim and appellant were finished smoking, appellant testified that he and the victim started kissing and then he digitally penetrated her. (*Id.*) At that point, according to appellant, the victim and appellant began discussing where to go to have sex. (*Id.*) Appellant testified that he and the victim went to the side of the house where the victim performed oral sex on him for approximately 10-15 minutes before appellant briefly penetrated the victim with his penis. (*Id.* at 232-233.) Appellant then testified that he and the victim went back into the house together. (*Id.* at 234.) According to appellant's testimony, any physical contact that he had with the victim was consensual.

On June 7, 2012, appellant was charged with rape by forcible compulsion, sexual assault, aggravated indecent assault without consent, and aggravated indecent assault by forcible compulsion.[4] Appellant was also charged with indecent assault without consent and simple assault;[5] however, those charges were withdrawn by the Commonwealth. A preliminary hearing was held on June 13, 2012, and appellant was ordered to stand trial, where he was represented by Patrick Klena, Esq. of the Centre County Public Defender's Office. The jury convicted appellant of all charges following a two-day jury trial on March 5, 2013. (Notes of testimony, 3/5/13 at 60-61.)

---

[4] 18 Pa.C.S.A. §§ 3121(a)(1), 3124.1, and 3125(a)(1) & (2), respectively.

[5] 18 Pa.C.S.A. §§ 3126(a)(1) and 2701(a)(1), respectively.

On June 6, 2013, appellant was sentenced to an aggregate of eight to sixteen years' imprisonment. Appellant filed post-sentence motions which were denied by the trial court on August 16, 2013. On September 10, 2013, appellant filed notice of appeal with this court; however, new counsel entered his appearance and that appeal was discontinued on January 31, 2014. Appellant filed the instant petition for collateral relief pursuant to the PCRA on July 21, 2014. The PCRA court conducted a hearing on January 9, 2015, and denied appellant's petition on April 16, 2015. Appellant filed notice of appeal on May 4, 2015. On May 22, 2015, appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court declined to file an additional opinion, instead referring to the opinion that accompanied the April 16, 2015 order denying appellant's PCRA petition.

Appellant raises the following issues on appeal:

1. Was trial counsel ineffective when, as part of his trial strategy, he elicited testimony from the victim that she believed the Defendant had previously raped [A.G.]?

2. Was trial counsel ineffective when he failed to secure the presence of [A.G.] to testify at trial?

3. Was trial counsel ineffective in failing to object to the testimony of Jennifer [sic] Markowitz, an expert witness in the area of well woman health?

4. Was trial counsel ineffective for failing to request jury instruction Pa.S.S.J.I. § 8.311(B)?

Appellant's brief at 4.

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Dennis**, 609 Pa. 442, 17 A.3d 297, 301 (Pa. 2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. **Id.** at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S. § 9453(a)(2); (2) his claims have not been previously litigated or waived, **id.** § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel[.]" **id.** § 9543(a)(4). An issue is previously litigated if "the highest appellate court in which [appellant] could have had review as a matter of right has ruled on the merits of the issue[.]" **Id.** § 9544(a)(2). "[A]n issue is waived if [appellant] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." **Id.** § 9544(b).

**Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015).

All four of appellant's claims derive from the underlying issue of whether his trial counsel, Attorney Klena, provided effective assistance at trial.

> The governing legal standard of review of ineffective assistance of counsel claims is well-settled:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> ***Commonwealth v. Busanet***, 54 A.3d 34, 45 (Pa. 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the ***Pierce*** test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Perzel***, 116 A.3d 670, 671-672 (Pa.Super. 2015).

First, we address appellant's fourth issue where he claims that trial counsel was ineffective for not requesting a jury instruction regarding consent as a defense. The Commonwealth avers that the failure by trial counsel to request such an instruction did not affect the outcome of the proceedings. Pursuant to ***Pierce***, we will first address whether appellant's

claim that Attorney Klena was ineffective for failing to request a jury instruction on consent[6] has any arguable legal merit.

---

[6] The jury instruction at issue is as follows:

CONSENT A DEFENSE

1. The consent of the victim is a defense to a charge of [charge]. Consent is present if the victim at the time of the alleged crime [is willing that [*give specifics*]] [is willing that [*give specifics*] and makes [his] [her] willingness known to the defendant by words or behavior] [*give specifics*].

2. The consent of the victim is not legally effective and is not a defense if the victim is:

    a. [Manifestly unable to make a reasonable judgment as to the nature or harmfulness of the conduct charged that constitutes the crime; [or]

    b. Known to the defendant to be unable to make a reasonable judgment as to the nature or harmfulness of the conduct charged that constitutes the crime]

3. Additionally, the consent of the victim is not legally effective and is not a defense if it is induced by: [a. force; [or] b. duress; [or] c. deception.]

4. The burden is on the Commonwealth to prove beyond reasonable doubt that the alleged victim did not give a legally effective consent. Thus, you cannot convict the defendant unless you are satisfied beyond reasonable doubt that [*name of victim*] did not give a legally effective consent.

Pa.S.S.J.I. § 8.311(B).

In cases in which consent is at issue, a defendant is entitled to have the trial judge deliver a focused charge to the jury on consent. ***Commonwealth v. Prince***, 719 A.2d 1086, 1091 (Pa.Super. 1998). In ***Prince***, the defendant was charged and convicted of sexual assault. ***Id.*** at 1087. One of the elements of sexual assault is whether the complainant consented to the sexual contact with the defendant.[7] As this court noted in ***Prince***,

> [w]hile a defendant may assert consent as a defense, nevertheless, where lack of consent is an element of the crime, the defendant does not bear the burden of proving consent: the Commonwealth bears the burden of proving lack of consent, beyond a reasonable doubt. It was therefore imperative that the jury be instructed clearly and definitively as to where the burden lay on the issue of consent.

***Id.*** at 1090. The Commonwealth charged appellant with sexual assault and aggravated indecent assault without consent--two crimes in which lack of consent is an element. Moreover, appellant has maintained an overall defense that any contact that he had with the victim was consensual. Appellant is correct in his averment that he was entitled to have the jury receive a consent instruction, therefore, his ineffective assistance of counsel claim has legal merit.

---

[7] Sexual assault is defined as, "[e]xcept as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S.A. § 3124.1.

Second, appellant must prove by a preponderance of the evidence that the underlying act or omission by trial counsel which rendered his or her assistance ineffective lacked a reasonable basis. When determining whether trial counsel's actions or omissions had any reasonable basis, we are governed by the following standard:

> In gauging the performance of an attorney at trial, the process must entail a comparison of the course adopted by counsel with the alternatives available. . . . The test is not whether alternatives were more reasonable, employing a hindsight evaluation of the record. . . . "[A] finding of ineffectiveness could never be made unless we concluded that the alternatives not chosen offered a potential for success *substantially* greater than the tactics actually utilized."
>
> ***Commonwealth v. Collins***, 545 A.2d 882, 885 (Pa. 1988) (emphasis in original), ***quoting Commonwealth ex rel. Washington v. Maroney***, 235 A.2d 349 (Pa. 1967). The balance tips in favor of finding that counsel's assistance was effective should we conclude that his or her decisions had *any* reasonable basis.

***Commonwealth v. Kilgore***, 719 A.2d 754, 756-757 (Pa.Super. 1998). After a careful review of the record, we conclude that trial counsel did not have any reasonable strategic basis in failing to request a jury instruction on the defense of consent.

During the PCRA hearing, Attorney Klena testified regarding his failure to request a jury instruction related to consent. During his testimony, he stated that while he may have requested a jury instruction off the record, he

could not recall whether he had actually done so on the record. (Notes of testimony, 1/9/15 at 35.) During cross-examination, Attorney Klena admitted that his failure to ask that a consent instruction be read to the jury was a mistake on his part:

> **Q:** Let's talk about the jury instruction issue. Your best recollection is you intended to have the consent instruction?
>
> **A:** I did.
>
> **Q:** And it's just a mistake?
>
> **A:** I believe it was a mistake. I probably should have on the record as opposed to in chambers requested and objected to its exclusion.

*Id.* at 52-53. Based upon Attorney Klena's admission that his failure to ask for a jury instruction related to consent was a mistake and our review of the record, we find no reasonable basis to fail to ask for such an instruction, and therefore find that appellant has satisfied the second prong of the **Pierce** test.

Finally, in order for a petitioner to prevail on a claim of ineffective assistance filed under the PCRA, the petitioner must prove, by a preponderance of the evidence, that trial counsel's act or omission caused petitioner to be prejudiced.

> To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, [**supra** at 694]; **accord Commonwealth v. Cox**, 983 A.2d 666, 668 (Pa. 2009). A reasonable

> probability is a probability sufficient to undermine confidence in the outcome of the proceeding. ***See Commonwealth v. Ali***, 10 A.3d 282, 291 (Pa. 2010).

***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012).

In ***Prince***, this court stated that a failure to instruct the jury on a consent defense could undermine confidence in the outcome of the proceedings.

> We recognize that after setting forth the elements of the crime of sexual assault, the trial court did charge the jury that the Commonwealth bore the burden of proving each element beyond a reasonable doubt. The court also charged the jury that it was not appellant's burden to prove his innocence as to each element of all of the crimes charged beyond a reasonable doubt. Nevertheless, we find that appellant was entitled to a focused charge on consent, also emphasizing specifically where the burden lay. . . . We agree with the Commonwealth that the verdict indicates that the jury painstakingly sifted through the elements of the crimes; however, ***we cannot feel certain that the contested jury charge could not have made a difference***.

***Prince***, 719 A.2d at 1091 (citations omitted) (emphasis added). Moreover, during deliberations, the jury asked a question regarding consent, in which the jury asked what "non-consent" meant, and whether consent meant an active assertion or if only passive, noncommittal behavior was required. (Notes of testimony, 3/5/13 at 59.) The trial court provided the following answer:

> Non-consent means lack of consent. And you'll have to use [your] own common sense and life experiences to determine what non-consent means

> in this situation. I'm sorry. There was no definition that we felt we could give at this point which was not given in the original instructions. So we'll just have to piece it together with what are in the other instructions. Thank you. Sorry. The best we can do.

***Id.*** at 60. Coupled with this court's language in ***Prince***, the jury's question about the meaning of "non-consent" raises the possibility that confidence in the outcome of appellant's trial may be undermined. Therefore, appellant has demonstrated that he was prejudiced by trial counsel's failure to request a jury instruction related to the consent defense.

Appellant has met all three prongs of the ***Pierce*** test for ineffective assistance of counsel claims under the PCRA. Accordingly, we are constrained to reverse the order dismissing appellant's PCRA petition, and we remand to the trial court for a new trial. Discussion of appellant's remaining issues is not necessary, as the issues are now moot.

Order reversed. Remanded for new trial. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2015

- 13 -