J-S07014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SUNNY ZHU, | |
| Appellant | No. 658 MDA 2015 |

Appeal from the Order Entered March 17, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001558-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SUNNY ZHU, | |
| Appellant | No. 659 MDA 2015 |

Appeal from the Order Entered March 17, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001545-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SUNNY ZHU, | |
| Appellant | No. 752 MDA 2015 |

Appeal from the PCRA Order Entered April 9, 2015
In the Court of Common Pleas of Centre County

Criminal Division at No(s): CP-14-CR-0001558-2013

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SUNNY ZHU, | |
| Appellant | No. 753 MDA 2015 |

Appeal from the PCRA Order Entered April 9, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001545-2013

BEFORE:  BOWES, OTT, AND FITZGERALD,[*] JJ.

MEMORANDUM BY BOWES, J.:                **FILED JULY 12, 2016**

Sunny Zhu filed two appeals at two actions that were consolidated by this Court for disposition.  We quash two appeals and affirm at the other two appeals.

Appellant was charged at two separate criminal actions for three incidents of retail theft. On January 6, 2014, Appellant entered a guilty plea at both cases[1] and was sentenced to one-year probation.  On December 22, 2014, fifteen days prior to the termination of her probation, Appellant filed

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant completed a written plea colloquy, which was supplemented by an oral colloquy.

timely PCRA petitions at both cases, and, on February 13, 2015, she filed motions to dismiss pursuant to Pa.R.Crim.P. 600. The court denied Appellant's February 13, 2015 motions on March 17, 2015,[2] and it dismissed the PCRA petitions on April 9, 2015. After April 9, 2015, Appellant filed four timely appeals; one at each action from the denial of her motion to dismiss and one at each action from the denial of her PCRA petition.

We quash the appeals from the denial of her motions to dismiss as interlocutory since, when those motions were denied, there were still pending PCRA petitions at each action. *Commonwealth v. Rosario*, 648 A.2d 1172, 1174 (Pa. 1994) (an order "is final for purposes of appellate review if it serves to put the litigants out of court by ending the litigation or entirely disposing of the case").[3] Nevertheless, in the appeals from the final orders denying PCRA relief, Appellant is permitted to challenge the validity of the interlocutory orders entered denying the motions to dismiss.

_____

[2] We consider Appellant's February 13, 2015 motions to dismiss as a supplement to her original PCRA petitions since the PCRA petitions were still pending before the court. Amendments to pending PCRA petitions are to be "freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). "[T]he Rule explicitly states that amendment is permitted only by direction or leave of the PCRA court." *Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012). We conclude that the trial court implicitly permitted Appellant to supplement her original, timely PCRA petitions by considering and ruling on her motions to dismiss.

[3] This aspect of the *Rosario* opinion was joined by a majority of the Justices.

- 3 -

***Franciscus v. Sevdik***, 2016 PA Super 52 n.1 (Feb. 29, 2016) ("once a final, appealable order has been appealed, any prior interlocutory order can be called into question").

However, Appellant is ineligible for any type of post-conviction relief since she is no longer serving a sentence. 42 Pa.C.S. § 9543(a)(1)(i) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence . . . that the petitioner . . . is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for the crime[.]" As Appellant is no longer serving a sentence of imprisonment, parole, or probation, she cannot obtain post-conviction relief. ***Commonwealth v. Ahlborn***, 669, A.2d 718, 720 (Pa. 1997) ("the denial of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute"); ***see also Commonwealth v. Turner***, 80 A.3d 754, 761-62 (Pa. 2013). Hence, her motions to dismiss under Rule 600 and her PCRA petitions were properly denied by the PCRA court.

The appeals at 658 MDA 2015 and 659 MDA 2015 are quashed. The orders entered at 752 MDA 2015 and 753 MDA are affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/2016